April 1st, 1817,
Judge Roane
pronounced the Court’s opinion.
The Court is of opinion that the case made by the second BUI of Exceptions in this cause is, that of the Appellee’s having been brought into this state subsequent to the year 1786, and of a claim asserted to them by the Appellant, on th® ground that the Oath, prescribed by the 4th section of the Act of 1792, (1 R. C. ch. 103,) has been duly taken by him, or those, under whom he claims; in exclusion of the other grounds of claim, authorized by the last clause of the same section.
On this case the Court is farther of opinion, that the right of freedom, prima facie acquired by the Appellees by such alleged importation, could only be obviated by evidence, adduced to shew, or by circumstances authorising a presumption, that such Oath had been taken 5 and that ihe terms of the instruction asked ia this case were broad enough to include the latter dencripünn of evidence as well as the former- *546 And, as the refusal of (he County Court to give the said in-’ S^UC^0Q may have absolved the Appellant from exhibiting, ei« *^er such circumstances, or such evidence to the Jury, one op °^er "hick is deemed to be indispensible, the Court is of "opinion, that the said refusal was erroneous, and may have injured the rights of the Appellees on the trial.
The Court does not deem it important to decide on the admissibility of the affidavits objected to by the Appellant, because the Verdict and Judgment, being in his favour, would not be reversed for an error in that respect, if it existed. But the Court is*of opinion that, if those affidavits are again offered in evidence upon the new trial, the declarations of Peck, therein stated, relative to the freedom of the Appellees, are to be withheld from the Jury, as it does not appear therein that those declarations were made during the time, in which the said Peck claimed the Appellees, nor that the Appellant claims under him; both of which ought to appear in order to make such Declarations evidence against the Appellant; and that there is no error in the Judgment of the said Superior Court of Law, which is therefore affirmed ; and the cause is remanded for farther proceedings.