# Charleston.

## WILLIAM F. DUSENBERRY vs. JOHN ALFORD.

### January Term, 1872.

1. A bill of exceptions taken to the refusal of the court to grant a new trial because the finding was contrary to law and evidence, should contain a certificate of the facts proved, and not merely a certificate of the evidence.

2. A case in which the evidence was not sufficiently clear to make it the duty of the court to reverse the judgment.

Action of assumpsit, to November rules, 1866. Judgment by the court, at May term, 1870, for the plaintiff; in the circuit court of Cabell county.

The defendant moved the court for a new trial, on the ground that the judgment was contrary to law and evidence. The following is the evidence as it appeared in the bill of exceptions:

" That in the year 1865 an order of sale made in a cause in which Thomas J. Hayslip was plaintiff, and Thomas J. Jenkins, Peter C. Buffington, William H. Buffington, and others were defendants, which order was made upon suggestions filed in pursuance of the statute in such cases made and provided, he sold a piano, the property of the defendant William H. Buffington, for the sum of four hundred and fifty dollars, and the same was sold and knocked off on a bid made by the defendant Dusenberry for the said sum of four hundred and fifty dollars.

The plaintiff then introduced William H. Hagan, who proved the following facts:

That he was present at the time said piano was sold and that he heard the defendant Dusenberry say that he had bid four hundred and fifty dollars for said piano, and that it was knocked off on that bid, and the plaintiff rested his cause.

The defendant then introduced James H. Ferguson as a witness, who proved the following facts:

That the property in question was brought by the plaintiff Alford to his house in the town of Guyandotte for safe keeping after the order of sale was made in the said cause, and that the sale was made at his house; that at the request of said Alford he kept an account of the sales of all the property sold by said Alford under the said order, including the piano in question; that at the moment the said piano was knocked off his attention had been called away, and he did not know who had bought it; that finding the piano had been sold, he asked the plaintiff, Alford, who was the purchaser of said piano, and at what price, and that said Alford, the plaintiff, informed him that Thomas J. Hayslip, the plaintiff in the judgment, was the purchaser at the sum of four hundred and fifty dollars, and that he charged the same to said Hayslip on the sale bill at that price, and afterwards delivered the said sale bill to said plaintiff; that after the sale he called upon said Hayslip and told him that he wanted the said piano as had been previously agreed upon, and asked said Hayslip if he wished to charge him anything more therefor than the price at which it had been bid in, and that said Hayslip replied that he could have the piano at the price at which it was sold, to-wit, four hundred and fifty dollars, and that he took it at that price, and that he has not as yet paid the said sum to said Hayslip or any one else, but that he held himself responsible to said plaintiff therefor on settlement. That the piano was in his possession at the time of such sale, and he kept it as his property under the agreement made with said Hayslip; that he never had any knowledge or information that the defendant, Dusenberry, had bid in said piano until after this suit was brought, and that the said defendant never had possession of said piano under his said bid, if he made it, or otherwise; that the said Hayslip bought an old piano at the sum of one hundred dollars, which was charged to him at that price, and that he distinctly remembered that the piano in question was charged to the said Hayslip at the price aforesaid, by the express direction of the plaintiff, Alford. And here the defendant rested his cause.

The plaintiff then introduced Thomas J. Hayslip, the

plaintiff in the judgment under which said piano and other property was sold, and proved that he had no recollection of asking the defendant, Dusenberry, to buy the said piano for him, and that he did not buy the said piano, but he bought another piano at one hundred dollars, which he kept at that price; but the understanding was that the witness, Ferguson, was to have the piano in question at the price at which it might be bid off, and that after the sale thereof, the said Ferguson called on him to know if he was willing that he should have the piano at the said sum of four hundred and fifty dollars, or if not, how much more he would require him to pay; and that he told the said Ferguson, he could have the piano at the said sum of four hundred and fifty dollars, and that said Ferguson took it at that price. And these were all the material facts proved in the cause."

The court overruled the motion, and the defendant excepted.

*James H. Ferguson* for the plaintiff in error.
*D. S. Moore* and *Stanton & Allison* for the defendant in error.

MAXWELL, J. This was an action of assumpsit to recover the price of a piano, alleged to have been sold by the plaintiff to the defendant. The trial was by the court, in lieu of a jury, and judgment was rendered for the plaintiff. The defendant asked for a new trial on the ground that the judgment was contrary to the law and evidence in the cause, which was refused, and the opinion of the court refusing a new trial excepted to. The bill of exceptions purports to be a certificate of the facts proved on the trial, but it is in fact only a certificate of the evidence. The evidence is not sufficiently clear to make it the duty of this court to reverse the judgment complained of. *R. F. & P. R. R. Co.* vs. *Snead & Smith*, 19 Gratt., 354.

The judgment must be affirmed, with damages and costs.

The other judges concurred.

JUDGMENT AFFIRMED.