# Charleston.

JAMES H. HOOFF *et al, vs.* BENJ. J. ROLLINS.

### January Term, 1872.

1. It is not error to reject pleas that set forth specifically the manner by which a contract is alleged to have been executed usuriously, when a plea is also filed alleging usury under the statute, and under which any defense can be made that could have been made, if the pleas had not been rejected.

2. To avail himself of the benefit of an instruction, the excepter must see to it that enough of the evidence is incorporated in the bill of exceptions to show the pertinence or impertinence of the instruction given or refused, to the issue to be tried.

Action of debt brought to December rules 1870, in the circuit court of Mason county.

Defendants, Hooff and others, tendered three pleas, two of which were on motion of plaintiff, rejected. The plea on which issue was taken, alleged a usurious consideration for the bond sued on, under the statute. The pleas rejected set up substantially the same defence, but amplified the transaction, and set forth the circumstances of the contract.

There was a verdict for the plaintiff, and judgment in May 1871.

Some questions pertaining to instructions to the jury, are stated in the opinion of the President.

The defendants brought the case to this court for review.

*Tomlinson* for the plaintiff in error.
*Polsley and Smith and Knight* for defendant in error.

BERKSHIRE P. This was an action for debt in the circuit court of Mason county, on an obligation executed by the appellants to the appellee. The only defence made was usury, and three pleas were filed alleging it. The first and third were, on motion of the plaintiff rejected, and issue taken on the second plea. The rejection of the two pleas is the first error insisted

on here. Prior to the statute, very great strictness was required in the plea of usury, and it may admit of doubt whether the rejected pleas would have been sufficient. But of this it is unnecessary to enquire. The second plea, upon which issue was joined, is in exact conformity to the 6th section of chapter 96 of the Code of West Virginia, p. 533, and under that plea, any defence could be made that could have been made under the pleas that were rejected, (which pleas in fact attempted to set up and plead the evidence of this usury,) and consequently no possible injury could have ensued to the appellants, from their rejection. In rejecting these pleas therefore, there was no error of which they can justly complain.

The remaining objection urged here is disclosed by the appellants bill of exceptions taken to the opinion of the court for giving the instructions asked for by the appellee, and refusing to give those asked by the appellants. None of the evidence introduced on the trial, is set out in the bill of exceptions, or otherwise appears on the record. We cannot, therefore reverse those instructions, or determine whether they or any of them were relevant or irrelevant. To avail himself of the benefit of an instruction, the exceptor must see to it, that enough of the evidence is incorporated into his bill of exceptions, to show the pertinence or *imperti-nence* of the instructions given or refused, to the issue to be tried. *Fitzhugh's Ex. &c.* vs. *Fitzhugh* 11 Grat. 300; *Shepherd* vs. *McQuilkin* 2 W. V. 90 and authorities cited. *Wise* vs. *Postlewait* 3 W. V. 452. There is an additional objection to the motion to exclude the five instructions given at the instance of the plaintiff. The motion was to exclude *all* of them *en masse.* But without deciding that any of them were bad, it is clear that some of them were, in the abstract correct, and might have been relevant and proper upon testimony pertinent to the issue, which may have been introduced on the trial.

I think there is no error in the judgment complained of, and it must therefore be affirmed with costs and damages.

The other judges concurred.

.JUDGMENT AFFIRMED.