STAPLES, J.,
delivered the opinion of the court.
The prisoner was indicted in the Circuit court of Carroll county for the murder of Annuel Edwards. At the April term 1874 he was tried and convicted of murder in the second degree, and the period of his confinement in the penitentiary fixed at nine years.
During the progress of the trial the prisoner offered in evidence the record of a suit for a divorce between the deceased and Ollie Edwards, the former wife of the deceased, and also the sister of the prisoner. To the introduction of this evidence the commonwealth objected; and the court sustained the objection as to all the record, except the decree; which was admitted.
The prisoner excepted, and this is his first bill of exceptions. It is very clear that the decree itself was competent evidence to show that a divorce had been granted. Eor this purpose the prisoner was entitled to rely upon it with a view to the introduction of the said Ollie Stoneman as a witness for him. Whether it was essential to that object, it is not material now to enquire.
The decree might also have been important to show that the deceased being no longer the husband of Ollie Stoneman, was a mere intruder upon the premises *of the prisoner’s family; having no pretense of a right to go there, and might be justly regarded and treated as a trespasser and an enemy. Indeed the divorce was necessary to explain the real status of the parties, and the circumstances which led to the homicide. The decree was therefore very properly admitted bjr the court to go to the jury. But it is very difficult to see upon what ground the preliminary proceedings which led to the decree could be regarded as evidence for any purpose. The commonwealth was not a party to that suit nor privy to it, and neither the recitals in the bill and answer, nor the depositions, were competent. to establish •the existence of any fact against her. It is very clear, therefore, that the court did not err in its rulings upon this point.
In the further progress of the trial, after the prisoner had proved by his sister Ollie Stoneman, that the deceased had made various threats against members of the family, and had on several occasions manifested a purpose to burn the dwelling, the attorney for the commonwealth asked the witness if she had not received messages from the deceased which contained no threats, to which the witness replied that she had. In answer to another question the witness said she had received a message from him through one Mr. Bundy. The attorney for the commonwealth then asked her to state what the message was. To which question and the witness answering the same, the prisoner objected; but the court overruled the objection, * and directed the witness to answer. The bill of exceptions, however, does not state whether in fact the witness did answer the question. It may be that *601 she was unable to remember or repeat the message. And if she remembered and repeated it, we have no means of knowing what it was. The message may have related *to some matter having no connection with the homicide. It may have been so entirely immaterial as to produce no impression on the mind of the jury. The bill of exceptions ought to have contained the answer of the witness, that this court may see whether it was material, and possibly may have affected the finding of the jury. The omission renders it impossible for us to consider the question raised b3' this bill of exceptions.
The evidence being concluded, the commonwealth’s attorney and the prisoner by his counsel each asked for instructions, which will now be considered. The commonwealth’s instruction asserts the proposition, that the bare fear that a man intends to commit a murder or other atrocious felony, however well grounded, unaccompanied by any overt act, indicative of any such intention, will not warrant killing the party by way of prevention. There must be some overt act indicative of imminent danger at the time.
The prisoner objected to this instruction, and instead thereof, he moved the court to give the jury five other instructions. The two first may be thrown out of view as they have no material bearing upon the point of controversy here. The third and fourth declare that if the jury believe from the evidence that the accused did the shooting under the immediate apprehension that his own life or that of some member of the family was in imminent danger, or under a reasonable apprehension that the deceased intended to burn the dwelling-house of his mother, or commit some other known felony, and that there was imminent danger of such design being carried into execution, then they must acquit the accused, although such danger was unreal.
These instructions, as also the first and second already *alluded to, together with the commonwealth’s instructions were given by the court, but the fifth asked for by the prisoner was refused. The learned counsel for the prisoner, in their petition and in their argument here, insisted that there is such conflict between the commonwealth’s and the prisoner’s instructions as was calculated to confuse and mislead the jury, and therefore both could not be consistently given. Upon a carefu examination it will be found that the instructions, so far from being in conflict, are in entire harmony with each other.
The prisoner’s instructions, as has been seen, declare that the killing was justifiable if done under a reasonable apprehension of a felony, although it should afterwards appear that no felony was in fact intended. But the question still recurred, what is that reasonable apprehension upon which the party may act and safely kill" his adversary? Is the bare fear of great bodily harm sufficient? If the slayer, alarmed by antecedent threats and menaces of danger, kills his adversary, when there is no real or apparent peril at the time, may he be justly said to have acted under such reasonable apprehension as justifies or excuses the homicide. Suppose, as was argued in this case, the prisoner honestly believed that the deceased was the mortal enemy of his family, that he intended to murder some member of it, or to burn the dwelling, and that this belief was impressed upon his - mind both by the teaching of others and the previous conduct and threats of the deceased, would such a belief or apprehension justify the killing, although at the time there was no appearance of imminent danger, and no act or demonstration on the part of the deceased, indicating a present purpose to carry his designs into execution.
It is apparent that these questions could not be ^'solved by the jury without the aid of the court. They involve difficult propositions of criminal law, in regard to which the courts have not been always unanimous; and it is not reasonable to suppose that twelve unprofessional minds, however intelligent, unaided by judicial explanation, could satisfactorily determine them.
This explanation is given, or sought to be given, by the commonwealth’s instruction, and the jury are there told, that a bare fear that a man intends to commit a felony, however well grounded, will not warrant the killing the party by way of prevention. There must be some overt act indicative of imminent danger at the time. These considerations are sufficient to show there is not the slightest conflict in the instructions as given by the court, but that they simply assert mutually dependent parts of the same general proposition.
The learned counsel for the prisoner have very strenously insisted that the commonwealth’s instruction is not sufficiently explicit; that the term “overtact,” particularly, is an obscure one, and could not have been fully comprehended by the jury. It has been held in several cases, that an instruction may be so equivocal that to give or refuse it may mislead the jury, and thus it may have all the effect of an erroneous instruction. In such case it is the duty of the court to modify it so as to make it plain. But it would be difficult to maintain the proposition that a verdict, based upon an instruction, is to be set aside because its true import and meaning may not have been comprehended by the jury, when the instruction correctly expounds the law, and is expressed in terms familiar to the books and well understood by the judicial mind. According to this view, the appellate tribunal, in reviewing the decisions of the trying court, must have reg'ard not merely to the legal propositions brought in ^'question, but also to the supposed capacity of of the jury to comprehend them. It is impossible to foresee the mischief that will result from such a doctrine, as the same test must be applied to civil as to criminal cases.
In the case before us the jury did not *602 express any desire for an explanation of the meaning- of the instruction. Had they required it, they would no doubt have asked for it. Throughout the proceedings in the court below it was at no time suggested that the jury did not fully understand the instruction; and I think we are bound to conclude they were not embarrassed by. any difficulty of the kind.
The instruction presupposes a case of apparent as distinguished from real danger. It affirms that to render the killing justifiable, there must be some overt act; that is, some open manifestation of a purpose to make the attack. This is upon the idea that if the act or demonstration is concealed, it is impossible to say there is an apparent danger, which is the assumed ground of justification. As was said in Evans’ Case,' 44 Miss. R. 762, when we use the term apparent danger, we mean such overt actual demonstration, by conduct and acts indicative of a design to take life or to do great personal injury, as would make the killing apparently necessary to self-preservation.
The term “overt act” is used by the most approved writers on criminal law as descriptive of the facts and circumstances constituting excusable homicide in self de-fence upon apparent necessity. Thus, in Bishop on Criminal Raw, 2 vol., § 627, it is said, although it is lawful for one to deprive of life another meditating his life, yet he must wait till some overt act is done in pursuance of the meditation. In other words, till the danger becomes imminent. The same expression occurs in Wharton Criminal Haw, 2 vol., (j 1027, and *in East’s Crim. Law, 272. Indeed, the entire instruction is taken almost literally from the latter work. East, however, lays it down that to render the killing justifiable there must be actual danger at the time, a limitation not found in the instruction.
This identical phrase is repeatedlj' used in the same connection by the courts of our sister states. I will cite only a few of the cases which are most accessible. They may be seen in Horigan and Thompson’s Cases of Self Defence.
In Hinton’s case, 24 Texas R. 454, it is declared, the belief that another intends to inflict on the party serious bodily harm must be founded in part, upon some overt act of the deceased showing that he has present intention to inflict the injury.
The Supreme court of Mississippi in Dyson’s case, 26 Miss. R. 362, lays down the rule as follows: In order to justify the killing there must be some overt act indicating a present intention to kill the party or to do him some great bodily injury.
The Manger of such design being accomplished must be imminent; that is to say, immediate, pressing and unavoidable at the time of the killing.
Mere fears of a design to commit a felony, or to do some great personal injury to the party, though honestly entertained, unaccompanied by any overt act indicating a design immediately to commit a felony or to do the injury, will not justif3 the killing. See also Nesby’s case, 37 Miss. R. 327; Evans’ case, 44 Miss. R. 762.
And so it has been held in North Carolina, in State v. Scott, 4 Ired. R. 409, that the belief that a person designs to kill me will not prevent my killing him from being murder unless he is making some attempt to execute his design, or at least is in an apparent situation *to do so, and thereby induces me reasonably to think that he intends to do it immediately.
In Tennessee the Supreme court say: It is not enough that the defendant honestly entertains -the opinion that his life is in danger, but he must believe the danger imminent. There must be some overt act indicative of a present purpose to take life. Williams’ case, 3 Heiskill’s R. 373.
Previous threats, or even acts of hostility, how violent soever, will not of themselves excuse the slayer, but there must be some words or overt act at the time clearly indicating a present purpose to do the injury. Riply case, 2 Head’s R. 217.
In McLeod’s case, 1 Hill, N. Y. R. 391, 419, Cowen, J., speaking for the Supreme court of New York, said: “Nothing is better defined, nor more familiar in any system of jurisprudence, than the juncture of circumstances which can alone tolerate the action of the law of necessity. A force which the defendant has the right to resist, must itself be within striking distance. It must be menacing, and apparently able to inflict physical injury, unless prevented by the resistance which he opposes.”
These citations I think abundantly show not only that the phraseology of the commonwealth’s instruction is entirely unexceptionable, but that it correctly states the principles of law governing the case. I have taken the trouble to examine with some care the numerous decisions bearing upon this perplexing question. The only cases I have been able to find, which apparently disapprove of the limitations contained in the instruction, are Granger’s case, 5 Yerger’s R. 459; Phillips’ case, 2 Duvall’s R. 328; Carieo’s case, 8 Bush’s R. 124; and Bohannon’s case, 8 Bush’s R. 411; the first named decided in Tennessee, and the *three Tatter in Kentucky. In Granger’s case it was held that if a man, though in no danger of serious bodily harm, through fear, alarm or cowardice, kill another under the impression that great bodily injury is about to be inflicted upon him, it is neither murder nor manslaughter, but self-defence.
The Kentucky cases just cited, hold that where a person has once escaped from assassination, and his enemy still persists in his murderous designs, he is not obliged to retreat from or avoid his enemy, but may kill him wherever, in his lawful way, he may find him. These cases perhaps stand alone in opposition to the whole current of English and American authorities. They go far beyond Selfridge’s Case, which at the time was regarded as pushing to its extreme limits the doctrine of justifiable horn- *603 icide upon apparent necessity. And yet it has been well said by an eminent authority, the illustration given by Chief Justice Parker in that case shows that he limited the application of the principle to cases where not only there is reasonable ground to believe that there is a design to destroy life, but where that reasonable belief is based not on surmises or inferences, however intellig'ent, but on an actual, immediate and physical attack from the assailant.
As has been already seen, the doctrine of Granger’ Case has been long since repudiated or explained away in the state which gave it birth, and the decisions of the Tennessee courts are in entire accord with the current of English and American authorities. I do not deem it necessary to make any further citation from these authorities. All will acknowledge the great difficulty of laying down any general rule upon this subject equally applicable to all cases. But the general principle to be deduced from the decisions is, that *while antecedent threats and acts of hostility may be looked to in connection with the present conduct of the assailant, as furnishing reasonable grounds of apprehension, such threats and acts are not, of themselves, sufficient to justify the party in slaying his adversary. The bare fear, however honestly and seriously entertained, will not constitute a justification. The right of resorting to force, upon the principle of self-defence, does not arise while the apprehended mischief exists in machination merely. There must be some act menacing present peril, or something in the attending circumstances indicative of a present purpose to make the apprehended attack. The act so done, or circumstances thus existing, must be of such a character as to afford a reasonable ground for believing there is a design to commit a felony, or to do some serious bodily harm, and imminent danger of carrying such design into immediate execution. Under these circumstances the killing will be justifiable, although it should afterwards turn out that appearances were deceptive, and there was in fact no design to commit a felony or to do great personal injury.
These principles of law apply with equal force to the defense of one’s habitation. As a man may repel force by force in defense of his person or property against one who manifestly endeavors, by violence or surprise to commit a known felony upon either, and in these cases is not obliged to retreat but may pursue his. adversary until he has freed himself from all danger; so with the habitation as with the person, the law does not require there should be actual danger to justify the killing. But it does require there should be reasonable ground for apprehending a design to commit a felony upon such habitation; and further, there should be reasonable ground also for believing *the danger imminent that such design will be accomplished. The acts or circumstances constituting a proper foundation for a reasonable-apprehension have been already discussed and explained. This branch of the case does not require further consideration. Besides the cases already cited, there are many others of equal weight and authority, fully sustaining the views here expressed. They may be found in Horrigan & Thompson’s new work on cases of self defence. See also Nilberger’s case, 3 Nash. C. C. R. 515.
Another point made by the counsel for the prisoner is the failure of the Circuit judge to explain to the jury what constituted an “overt act.” I think, as will be hereafter seen, he did so tell them. It is sufficient now to say that he was not requested to make any such explanation. If he had been and had refused or declined to do so, the question would be before us in a very different aspect. It might, with equal, propriety, be claimed, that it is incumbent upon the court to explain what is meant by “malice prepense” when informing the jury that its existence is essential in order to a conviction of murder in the first degree. That the prisoner’s counsel fully comprehended the meaning of the phrase in its then connection, and desired no explanation of it, is apparent from the fact that they have also used the same expression in instruction No. 5, asked for by him and refused by the court.
The prisoner’s third bill of exceptions, which was taken subsequent to the verdict, after setting out the commonwealth’s instruction, and the five instructions asked for by the prisoner, and the objections thereto, states that the court sustained the objection made to instruction No. 5, and refused to give it, and overruled the objection of the accused to the instruction asked *for by the attorney for the commonwealth, and gave the same to the jury with the following addition, to wit: But the jury will judge whether the conduct and acts of the deceased, at the time of the shooting, were of such a character as to create in the mind of the prisoner a reasonable fear that the deceased intended to commit murder or other felony, or do the prisoner great bodily harm.
The learned counsel for the prisoner insist that this addition is erroneous in restricting the jury to a consideration of the conduct and acts of the deceased at the time of the shooting, and in excluding his acts and declarations of a previous date, as justly affording, in connection with his conduct at the time, reasonable grounds for apprehending the committal of a felony by the deceased.
It must be borne in mind that the real point of controversy between the commonwealth and the accused was whether the prisoner, under an apprehension created by antecedent acts and declarations, might lawfully kill without some overt act on the part of the deceased, evincing a present purpose of carrying his threats into execution. The court held that such an act was essential to afford a ground of reasonable apprehension; and then, in explanation of what was meant by the expression “overt *604 'act,” the judge said, “the jury will judg-e whether the conduct and acts of the deceased, at the time of the shooting, were of such a character as to create in the mind of the prisoner a reasonable fear that the deceased intended to commit murder or other felony, or to do the prisoner great bodily harm.” That the prisoner’s counsel did not construe the observation of the judge as excluding from the jury the antecedent threats and acts of the deceased, is very apparent from the fact, that they, the ^counsel, made no objection to it at the time. The evidence of these threats and acts had been received without restriction or opposition. They were before the jury in the fullest manner, and the3r were no doubt considered and discussed in every possible aspect and bearing.
It is to be observed also that the motion for a new trial was not based upon the ground of a misdirection in this particular, but upon the ground that the refusal to giVe instruction No. 5, and the giving the commonwealth’s instruction with the addition thereto, was calculated to mislead the jury. How mislead the jury? By excluding from their consideration proper evidence? By no means. But, in the language of the petition, because the instructions were calculated to induce the jury to come to the conclusion that the deceased had no intention to burn, as he had no torch in his hand, and no intention to take life, as he did not point his g'un.”
Throughout, the burden of the complaint has been, not that the jury were prohibited from considering previous threats and acts, but that they were told that these threats and acts were of themselves not sufficient to justify a reasonable apprehension, upon which the prisoner might act and safely kill his adversarjr.
This view becomes well nigh absolutely conclusive when we take into consideration the verbal explanation made by the judge to the jury, of the instructions as given. He stated to the jury, they would reconcile the instructions by understanding that apprehensions of danger, to justify a homicide, ought to be based, not upon surmises alone, but there ought to be coupled therewith some act on the part of the party from whom danger was apprehended, evidencing an intention to carry into execution his threats or designs.
*This language presupposes that the previous acts and declarations of the deceased were before the jury, and were to be considered by them in connection with what occurred at the time of the homicide, with a view to determine whether the prisoner acted under a reasonable apprehension of danger. .
The learned counsel for the prisoner, • as I understand, concede this; but they insist that as the instructions were in writing, the explanation ought also to have been in writing, that the jury might have both in their retirement.
There are several very satisfactory answers to this view. In the first place, if the jury carried the instructions with them into their retirement, or read them at all, after they were given — and upon these points we have no information — it is impossible to say they did not as fully and as clearly understand the explanation as the instructions. It is couched in plain and simple language, easily understood by the most ordinary mind, and we must presume was perfectly intelligible to the jury.
In the second place, the prisoner did not ask that the explanation should be reduced to writing. . His counsel did not object to it because it was not in writing. They agreed it should be given as it was given, and they consented for the jury to retire without expressing the sightest dissatisfaction. These considerations would seem to be conclusive against the interference of this court for alleged error, arising under the third bill of exceptions.
There is a well established rule of law which applies as well to the verbal expía--nation in question as to the addition made bjr the judge to the instructions of which so much complaint has been made. If no objection be made to an instruction at the time it is *given, and no exception taken nor the point saved, but objection be made for the first time after verdict, and in the form of-a motion to set it aside, the court will consider whether, under all the circumstances, the party has been prejudiced by the instruction; and is of opinion that a just verdict has been rendered according to the law and the evidence, will not set it aside on account of that objection. Bull’s case, 14 Gratt. 613; Read’s case, 22 Gratt. 924.
No exception having been taken nor objection made at the time to the addition made by the judge to the instructions, or to the verbal explanation given by him, and such objection having been made in the form of a motion for a new trial only, it may be proper to consider whether the verdict is just' and sustained by the evidence. Upon this point there would seem but little room for discussion.
The excuse given by the prisoner for the homicide is that the deceased had threatened to kill members of the family and burn the house; and the prisoner feared he was there for one of these purposes. At the time of the shooting the deceased was in' the woods about one hundred yards from the dwelling occupied by the family of the prisoner. The deceased was easilj' seen. So far from making an effort particularly to conceal himself, he wag making a noise, it seems, to attract the attention of his former wife, to whom it is very clear he was anxious to be reconciled. The hour of the day and all the surrounding circumstances ought to have satisfied the prisoner there was no imminent danger of the commission of a felony by the deceased. The prisoner having discovered the position of the deceased, walked to the rear of the smokehouse and deliberately shot him down. Being asked what he had shot at, he replied he had shot at the ^deceased. He was told *605 he ought not to have done so; he said he thought he was there to do some private injury to some of the family. 'This was all, and the subject was dismissed, as if the firing had been at some wild beast rather than a human being. It is true the prisoner expressed the opinion he had not hit the deceased; but still no effort was made to see whether the victim might not, perchance, be then bleeding and dying in the forest.
At that time there was residing upon the premises, within the enclosure, two families consisting then of three men and three adult females, a force more than sufficient to arrest the deceased, and place him in the custody of the officers of the law. In 1869', about the time of granting the divorce, the deceased had been arrested upon a peace warrant, at the instance of the mother of the prisoner, and required to give sureties for his good behaviour for a year. This was never renewed, and no effort ever thereafter made to renew it. Instead of resorting to a peaceful remedy of this sort, the prisoner adopts the dreadful alternative of taking life. The excuse for this is based purely upon antecedent acts and declarations of the deceased. It is true that the deceased had made threats against the prisoner and his family, if the evidence is to be believed; but it is clear he was not a violent or dangerous man. Nearly five years had elapsed since the divorce, which was the beginning of the hostility, and during all this time it does not appear that any member of the family had been assaulted or injured by him. At the time of the shooting, the deceased was sitting quietly in the bushes, unarmed, unresisting: not only making no attack or demonstration of a hostile character, but so situated as to be incapable of making it had he desired.
*It is a circumstance, worthy of observation, that all the threats and attempts to burn the dwelling are proved in every instance by the immediate family of the prisoner, and, what is very remarkable, they were never communicated to a human being outside of that family until after the homicide. It is very certain that the jury placed but little confidence in the testimony upon this point. If they believed it, they were satisfied there was nothing in the conduct of the deceased on that occasion calculated to produce the slightest apprehension that he was there with any felonious design, or that the danger was imminent or threatening, and could not have been met and provided against without peril or difficulty.
Every impartial mind must admit that either view is fully justified bjr the evidence. A careful examination of the facts certified, leads irresistibly to the conclusion that the killing was not upon any necessity, real or apparent, but upon a principle of deliberate revenge. The youth of the prisoner, it is very probable, only saved him from a severer fate.
Eor these reasons the judgment of the Circuit court must be affirmed.
Judgment affirmed.
B1IAS OF EXCEPTION.
I. When Necessary.
A. In General.
B. Incompetent Witness.
0. Pleas Rejected.
D. Evidence Excluded.
E. Instructions Refused.
II. When Bill of Exceptions Not Necessary.
III. When Objection Taken.
IV. Norm of Bill.
V. Signature.
A. Courts.
B. Judges.
C. Mandamus.
D. Certificate of Clerk.
E. Agreement of Counsel.
VI. Waiver of Objection.
VII. Verdict Contrary to Evidence.
A. In General.
B. Certificate of Pacts.
C. Rule of Decision When Pacts Certified.
D. Certificate of Evidence.
E. Rule of Decision When Evidence Certified.
1. Virginia Rule.
a. Old Rule and Exception Thereto.
b. Statutory Change of Rule.
c. Rule by Amended Statute.
d. Demurrer to Evidence.
2. West Virginia Rule.
a. West Virginia Demurrer to Evidence.
I1. Number of New Trials Allowed.
I. WHEN NECESSARY.
A. In General, — When the bill of exceptions does not show that objection was made in the lower court the question cannot be raised in the appellate court. Law v. Law, 2 Gratt. 366; Roanoke, etc., Co. v. Karn, 80 Va. 589.
To obtain the benefit of an objection in the appellate court, a formal exception is necessary. And this is true though the bill of exceptions recites that the plaintiff objected to the ruling in question Trumbo v. Street-Car Co., 89 Va. 780, 17 S. E. Rep. 124; Fry v. Leslie, 87 Va. 275, 12 S. E. Rep. 671; Ferguson v. Wills, 88 Va. 136, 13 S. E. Rep. 392; Magarity v. Shipman, 82 Va. 806, 7 S. E. Rep. 381; Roanoke, etc., Co. v. Karn & Hickson, 80 Va. 589; Whalen v. Com., 90 Va. 549, 19 S. E. Rep. 182; State v. Harr, 38 W. Va. 58, 17 S. E. Rep. 794; Halstead v. Horton, 38 W. Va. 727, 18 S. E. Rep. 953; Clark v. Com., 90 Va. 360, 18 S. E. Rep. 440.
When on a trial in the lower court verdict is for the plaintiff and defendant moves for and obtains a new trial, neither can in the appellate court call in* question instructions given at the first trial: the plaintiff in error, because he secured a verdict; the defendant in error, because he did not object or except to the instructions. Marshall v. Valley R. Co., 97 Va. 655, 34 S. E. Rep. 455.
Issue Out of Chancery. — If the court, before which an issue out of chancery is tried, is dissatisfied with the verdict, this dissatisfaction must be certified on the recora by the court; or if refused, it should be put on the record, by a bill of exceptions; such bill is not to be supplied by affidavit, especially of counsel in the cause. Stannard v. Graves, 2 Call 310 [369]. See monographic note on “Issue Out of Chancery” appended to Lavell v. Gold, 25 Gratt. 473.
Affidavit. — An affidavit filed in support of a motion for a continuance which was overruled, is not a part *606 of the record, unless it he-made so hy a hill of exceptions. Garland v. Bugg, 1 H. & M. 374.
Private Statutes. — The court does not take judicial notice of private acts of the legislature, (and hence a hill of exceptions is necessary to make such act part of the record). Legrand v. Hampden-Sidney College, 5 Munf. 324; Mayor v. Chapman, 4 H. & M. 270; Hairston v. Cole, 1 Rand. 461; Va. Code 1887, § 3328.
B. Incompetent Witness. — Notwithstanding some expressions in decided cases, which seem to concede that objections to the testimony of a witness on the ground of his incompetency may he properly made in this court although not made, or considered, or passed upon in the court helow, we aré' of opinion, that such objections, unless first made in the court below, cannot be relied on here, for the reason that if allowed, parties might be taken hy surprise. See opinion of Moncure in Fant v. Miller & Mayhew, 17 Gratt. 187. Also, Beverley v. Brooke, 2 Leigh 425; Hord v. Colhert, 28 Gratt. 49, 54, 55, 56; Statham v. Ferguson, 25 Gratt. 28, 38; Simmons v. Simmons, 33 Gratt. 460; Baxter v. Moore, 5 Leigh 219; Caton v. Lenox, 5 Rand. 31.
Where the objection is to the competency of the witness, and the objection is sustained, the exception need not show what the party expects to prove by the rejected witness. Metz v. Snodgrass, 9 W. Va. 190; Martz v. Martz, 25 Gratt. 361; Fant v. Miller, 17 Gratt. 228: Statham v. Ferguson, 25 Gratt. 38.
Incompetent Juror. — If a prisoner does not know and could not hy due diligence have known" that one of the jury was a member of the grand jury, he may make that objection before any evidence is introduced, and probably at any time before verdict. Dilworth v. Com., 12 Gratt. 689; Simmons v. McConnell, 86 Va. 500, 10 S. E. Rep. 838.
C. Pleas Rejected. — A plea stricken out or rejected is no part of the record unless made so by a bill of exceptions. Fry v. Leslie, 87 Va. 274, 12 S. E. Rep. 671; Morrissett v. Com., 6 Gratt. 673; Trumbo v. StreetCar Co., 89 Va. 780, 17 S. E. Rep. 124; Herrington v. Harkins, 1 Rob. 591; White v. Toncray, 9 Leigh 347, 5 Gratt. 180; Lawrence v. Com., 86 Va. 579, 10 S. E. Rep. 840; Bowyer v. Hewitt, 2 Gratt. 193; Colley v. Sheppard, 31 Gratt. 322; Perry v. Horn, 22 W. Va. 381; Quesenberry v. Bldg., etc., Ass’n, 44 W. Va. 512, 30 S. E. Rep. 73; Shank v. Ravenswood, 43 W. Va. 242, 27 S. E. Rep. 223. But see W. Va. Code 1899, ch. 125, § 56, where it is said that plaintiff may “avail himself of the error committed in allowing such plea to be filed, without excepting to the decision of the court thereon.” This does not apply when the plea is rejected. Hart v. B. & O. R. Co., 6 W. Va. 336; King v. Burdett, 12 W. Va. 694; First Nat. Bank v. Kimber-lands, 16 W. Va. 557; Perry v. Horn, 22 W. Va. 381; “Bank v. Showacre, 26 W. Va. 49.
Where a plea has been rejected, the appellate court will take it to have been rightly done unless defendant has excepted. White v. Toncray, 9 Leigh 347; Herrington v. Harkins, 1 Rob. 591; Morrissett v. Com., 6 Gratt. 673; Bowyer v. Hewitt, 2 Gratt. 193; Fry v. Leslie, 87 Va. 275, 12 S. E. Rep. 671; King v. Burdett, 12 W. Va. 688; Snodgrass v. Copenhaven, 34 W. Va. 171, 12 S. E. Rep. 695.
On rejection of a plea it is not necessary to set out the whole plea offered in the bill of exceptions provided the nature of the plea sufficiently appear. B. & O. R. Co. v. Bitner, 15 W. Va. 455.
West Virginia Rule. — In West Virginia when the order book expressly states the defendant’s exception to the ruling of the court in rejecting a plea, no formal bill of exceptions is necessary. White v. Toncray, 9 Leigh 347, disapproved in this respect; Sweeney v. Baker, 13 W. Va. 212.
D. Evidence Excluded. — When the ground of complaint is that evidence or pleas have been improperly excluded, the bill of exceptions must show affirmatively the relevancy of the evidence and the propriety of the pleas. Otherwise the action of the court below will be presumed to have been right. Kimball v. Carter, 95 Va. 77, 27 S. E. Rep. 823; Lawrence v. Com., 86 Va. 579, 10 S. E. Rep. 840; Rowt v. Kile, 1 Leigh 216; Carpenter v. Utz, 4 Gratt. 270; Johnson v. Jennings, 10 Gratt. 1; Archer v. Archer, 8 Gratt. 539; Harman v. Lynchburg, 33 Gratt. 43; Triplett v. Goff, 83 Va. 788, 3 S. E. Rep. 525; Driver v. Hartman, 96 Va. 518, 31 S. E. Rep. 899; Valley Mut. Life Ass’n v. Teewalt, 79 Va. 421; Dejarnette v. Com., 75 Va. 867; Langhorne v. Com., 76 Va. 1012; Hooff v. Rollins, 5 W. Va. 540; Beirne v. Rosser, 26 Gratt. 547; Taylor v. Boughner, 16 W. Va. 327; Holleran v. Meisel, 91 Va 143, 21 S. E. Rep. 658; Atl. & D. Ry. Co. v. Reiger, 95 Va. 418, 28 S. E. Rep. 590; Jackson v. Com., 98 Va. 845. 36 S. E. Rep. 487; N. & W. R. Co. v. Ampey, 93 Va. 108, 25 S. E. Rep. 226.
A party complaining of the admission of improper evidence must state the facts in his bill pf exceptions, from which it will appear affirmatively, to the appellate court that the evidence was improper. Carlton v. Mays, 8 W. Va. 246; Johnson v. Jennings, 10 Gratt. 1; Taylor v. Boughner, 16 W. Va. 327.
The relevancy of evidence excluded need not be shown in the bill of exceptions. If this relevancy otherwise sufficiently appears upon the record, this is sufficient. McDowell v. Crawford, 11 Gratt. 396; Archer v. Archer, 8 Gratt. 539; Valley Mut. Life Assoc. v. Teewalt, 79 Va. 421; Carpenter v. Utz, 4 Gratt. 272; Mitchell v. Baratta, 17 Gratt. 445.
Where parol evidence is excluded, which might be proper when connected with a record, it should appear that the record was offered. Otherwise, the rejection will be presumed proper. McDowell v. Burwell, 4 Rand. 317; Courtney v. Com., 5 Rand. 666.
E. Instructions Refused. — An exception to the action of the court in refusing an instruction must show the relevancy of such instruction. Hughes v. Frum, 41 W. Va. 445, 23 S. E. Rep. 604; Fitzhugh v. Fitzhugh, 11 Gratt. 300; Valley Ins. Co. v. Teewalt, 79 Va. 421; Powell v. Tarry, 77 Va. 260; Patton v. Nav. Co., 13 W. Va. 260; Shepherd v. McQuilkin, 2 W. Va. 90; Wash., etc., Tel. Co. v. Hobson, 15 Gratt. 134; Hooff v. Rollins, 5 W. Va. 540; Campbell v. Hughes, 12 W. Va. 183; Kinsley v. Monongalia County, 31 W. Va. 464, 7 S. E. Rep. 445; Lively v. Ballard, 2 W. Va. 496.
See monographic note on “Instructions” appended to Womack v. Circle, 29 Gratt. 192.
If, on refusal to give an instruction, the bill of exceptions does not show there was evidence to support such instruction the case will be presumed hypothetical and the action of the lower court sustained ; but if another instruction is given in lieu of the one offered, the appellate court will examine both the instruction given and the one refused Chapman v. Wilson, 1 Rob. 269.
When several instructions are asked and refused, and a general exception is taken to the refusal, if all the instructions are proper and should have been given, the exception is sufficient. Ocheltree v. McClung, 7 W. Va. 232, 257.
II. WHEN BILL OF EXCEPTIONS NOT NECESSARY.
Where the case is taken from the county court to the circuit court on a writ of error, a bill of excep *607 tions to judgment of the circuit court is unnecessary. ' The circuit court, in such case, can only loot at the record of the county court, and if it errs in its judgment. the error appearsby the record without a hill of exceptions. Morris v. Deane, 94 Va. 572, 27 S. E. Rep. 432.
No Jurisdiction. — On appeal from a decree in a chancery suit the objection that the lower court had no jurisdiction may be made for the lirst time in the appellate court. But otherwise when the objections are based on mere formal irregularities. Saunders v. Griggs, 81 Va. 506.
Caveat. — In a case of caveat all the facts agreed by the parties, or found by the jury, or if a jury is dispensed with, ascertained by the court, necessarily become and should be made a part of the record of the cause. Hamilton v. McNeil, 13 Gratt. 389.
Demurrer to Evidence. — Where there is a demurrer to the evidence, the evidence given in the cause on both sides is stated in the demurrer, and not set forth in a bill of exceptions. Berkeley v. C. & O. Ry. Co., 43 W. Va. 11, 36 S. E. Rep. 349; C. & O. Ry. Co. v. Sparrow, 98 Va. 630, 37 S. E. Rep. 303.
Depositions. — Where, on a trial at law, a deposition is introduced, taken regularly under a commission. and an objection is made to some of the questions as leading questions, the court cannot suppress the improper questions and answers, after the jury is sworn; but the objection should be made to the court before the jury is sworn; and the improper questions and answers suppressed. Jones v. Cucas, 1 Rand. 268: M'Candlish v. Edloe, 3 Gratt. 330. See monographic note on “Depositions” appended to Field v. Brown, 24 Gratt 74.
Error Apparent on the Record. — Error apparent on the face of the record will be noticed in the appellate court though no bill of exceptions has been taken. Nutt v. Summers, 78 Va. 164; Murdock v. Herndon, 4 H. & M. 200; Strange v. Strange, 76 Va. 240; Cralle v. Cralle, 84 Va. 198, 6 S. E. Rep. 12; W. Va. Code 1899, ch. 131, § 9; Quaker City Nat. Bank v. Showacre, 26 W. Va. 48; Spence v. Robinson, 36 W. Va. 313, 13 S. E. Rep. 1004; Hughes v. Frum, 41 W. Va. 445, 23 S. E. Rep. 604.
Where the absence of a necessary party appears by the record, the objection therefor maybe made for the first time in the appellate court. Armen-trout v. Gibbons, 25 Gratt. 371; Clayton v. Henley, 32 Gratt. 65; Iron Co. v. Tayloe, 79 Va. 671; Hinton v. Bland, 81 Va. 593; Burlew v. Quarrier, 16 W. Va. 108.
III. WHEN OBJECTION TAKEN.
It must appear from the record that a point decided by the court has been saved before the jury retires: though the exception may be prepared, and may be signed by the judge, either during the trial or after it is ended, during the same term. If this appear from the whole record, it is sufficient, though it is not expressly stated in the bill of exceptions: but if it does not so appear from the record, the appellate court cannot review the judgment of the court below upon the point. W. & N. O. Tel. Co. v. Hobson, 15 Gratt. 123; Fawcett v. Ry. Co., 24 W. Va. 755; Powell v. Tarry, 77 Va. 250; Martz v. Martz, 25 Gratt. 361; Peery v. Peery, 26 Gratt. 320, and note; Page v. Clopton, 30 Gratt. 415, and note; Whalen v. Com., 90 Va. 544, 19 S. E. Rep. 182; Colgin v. Henley, 6 Leigh 86; Price v. Com., 77 Va. 396; Danville Bank v. Waddill, 31 Gratt. 469, and note; Jones v. Lucas. 1 Rand. 268; Lamberts v. Cooper, 29 Gratt. 61; Lawrence v. Com., 86 Va. 573, 10 S. E. Rep. 840; Cunningham v. Porterfield, 2 W. Va. 447; Mitchell v. Com., 75 Va. 865; Sammons v. Hawvers, 25 W. Va. 678; Wickes v. B. & O. R. Co., 14 W. Va. 165; Bull v. Com., 14 Gratt. 630; Bransford v. Karn, 87 Va. 242, 12 S. E. Rep. 404; Thornton v. Com., 24 Gratt. 672; Reinhard v. Baker, 13 W. Va. 805; Perry v. Horn, 22 W. Va. 381; Hill v. Proctor, 10 W. Va. 59; State v. Seabright, 15 W. Va. 590; Wustland v. Potterfield, 9 W. Va. 438; Liberty Bank v. Campbell, 75 Va. 534; Coleman v. Lyne, 4 Rand. 454; Strange v. Strange, 76 Va. 240; Nickels v. Kane, 82 Va. 309; Simmons v. Simmons, 33 Gratt. 451, and note; Shipman v. Fletcher, 83 Va. 349, 2 S. E. Rep. 198; Cralle v. Cralle, 84 Va. 198, 6 S. E. Rep. 12; Core v. Marple, 24 W. Va. 355; Tayloe v. Smith, 10 Gratt. 557; Miller v. Holcombe, 9 Gratt. 665; Dickenson v. Davis, 2 Leigh [401] 434; Tarr v. Ravenscroft, 12 Gratt. 651; Hill v. Bowyer, 18 Gratt. 380; Vaiden v. Stubblefield, 28 Gratt. 153; Williams v. Com., 93 Va. 773, 25 S. E. Rep. 659; Robinson v. Pitzer, 3 W. Va. 336; Thompson v. Boggs, 8 W. Va. 63; Gilmer v. Sydenstricker, 42 W. Va. 52, 24 S. E. Rep. 566; Dimmey v. Railroad Co., 27 W. Va. 51; Greenbrier, etc., v. Ocheltree, 44 W. Va. 626, 30 S. E. Rep. 78; Nadenbousch v. Sharer, 2 W. Va. 285; Tunis Lumber Co. v. Dennis Lumber Co., 97 Va. 682, 34 S. E. Rep. 613; Bank v. Preston, 97 Va. 222, 33 S. E. Rep. 546; Todd v. Sykes, 97 Va. 143, 33 S. E. Rep. 517; Shacklett v. Roller, 97 Va. 639, 34 S. E. Rep. 492.
But the rule as to notice of intention to take an exception, or of taking it at the time of the ruling, does not apply to a case of judgment for a fine imposed for alleged contempt, when the exceptant and the judge are the only parties concerned. The decision seems to be based on the fact that very little time had elapsed and the facts were still fresh in the mind of the judge. Page v. Clopton, 30 Gratt. 415.
Improper Remarks of Counsel. — When counsel makes improper remarks the exceptions thereto should be taken before the verdict is rendered. Price v. Com., 77 Va. 393; N. & W. R. Co. v. Shott, 92 Va. 48, 22 S. E. Rep. 811.
Commissioner’s Report. — There is no rule of law or practice which would forbid or prevent a court, so long as it retained a cause under its consideration, from receiving and entertaining an exception to a commissioner’s report, even after the same had been confirmed, if it should be clearly shown that, the report, if carried out, would be productive of injustice and wrong. Wooding v. Bradley, 76 Va. 616; Foster v. Sutton, 4 H. & M. 401; Arnold v. Slaughter, 36 W. Va. 589, 15 S. E. Rep. 250.
Need Not Stop Trial. — whether the court shall allow the trial to be stopped to enable counsel to prepare a bill of exceptions, is a matter within its discretion. Jones v. Com., 87 Va. 69, 12 S. E. Rep. 226; Nadenbousch v. Sharer, 2 W. Va. 285.
Exceptions to Answer. — When exceptions are filed to an answer, they must be disposed of, before any further proceeding can take place in the canse. Clarke v. Tinsley, 4 Rand. 250; Coleman v. Lyne, 4 Rand. 454; Burlew v. Quarrier, 16 W. Va. 108; First Nat. Bank v. Parsons, 42 W. Va. 137, 24 S. E. Rep. 554; Hartman v. Evans, 38 W. Va. 669, 18 S. E. Rep. 810; W. Va. Code 1899, ch. 125, § 54.
IV. FORH OF BILL.
If a party objects to the introduction of a deposition as evidence, for any irregularity in taking it, his exception to the opinion of the court overruling the objection, must state the grounds of the ojection. Barker v. Barker, 2 Gratt. 344; Richardson v. Donehoo, 16 W. Va. 685; Harriman v. *608 Brown, 8 Leigh 697; Dillard v. Collins, 25 Gratt. 344; Harman v. City of Lynchburg, 33 Gratt. 43; Baldwin v. Baldwin, 76 Va. 345; Crockett v. Sexton, 29 Gratt. 55; Janey v. Blake, 8 Leigh 88; Scott v. Trents, 4 H. & M. 366; Gregory y. Ohio Riyer R. Co., 37 W. Va. 606, 16 S. E. Rep. 819.
Errors Not mentioned in Bill. — Where exceptions are taken to specific points, the appellate court will examine no points but such as were presented to and decided by the court below, though from the matters stated in the bill of exceptions, there be apparently other points that might haye been made. Newsnm v. Newsum, 1 Leigh 86.
On a bill of exceptions to the opinion of the court below refusing to grant a continuance, the appellate court ought not to reverse the judgment, for a ground of continuance not stated in such exceptions. Ross v. Norvell, 3 Munf. 170. See monographic note on “Continuances” appended to Harman v. Howe, 27 Gratt. 676_
_ An exception assigning as a reason’ therefor a claim under part of act of assembly must be considered as waiving any claim under the other part of said act, such other part not being mentioned in the bill. Garnett v. Sam & Phillis, 5 Munf. 542.
Several Exceptions — One Bill. — whether one exception, or more than one, certified in one and the same “bill” is not material, if each, where there is more than one, is therein distinctly set forth and not confused with others therein contained. Brown v. Hall, 85 Va. 146, 7 S. E. Rep. 182; N. & W. R. Co. v. Shott, 92 Va. 34, 22 S. E. Rep. 811; Snyder v. P., C. & St. L. Ry. Co., 11 W. Va. 14.
There may be more then one exception embraced in one bill but each exception should set forth clearly and distinctly the ground of objection relied on, so that there will be no confusion. Brown v. Hall, 85 Va. 146, 7 S. E. Rep. 182; N. & W. R. Co. v. Shott, 92 Va. 47, 22 S. E. Rep. 811; Holleran v. Meisel, 91 Va. 143, 21 S. E. Rep. 658.
Bill Uncertain. — Where the bill of exceptions is uncertain, so that the ground of rejecting the evidence cannot be determined the judgment will be reversed and the cause remanded for a new trial. Raines v. Philips, 1 Leigh 483; Barrett v. Tazewell, 1 Call [215] 187; McVeigh v. Allen, 29 Gratt. 588; Hairston v. Cole, 1 Rand. 461; Fowler v. Lee, 4 Munf. 373; Thompson v. Cumming, 2 Leigh 321; McDowell v. Crawford, 11 Gratt. 398; Lynch v. Thomas, 3 Leigh 689; Brooke v. Young, 3 Rand. 106; Town of Suffolk v. Parker, 79 Va. 665; Bowyer v. Chesnut, 4 Leigh 1; Powell v. Tarry, 77 Va. 259; Beattie v. Tabb, 2 Munf. 254.
By the later decisions, it is held that in such case the verdict must be affirmed. Wright v. Smith, 81 Va. 777; Roanoke, etc., Co. v. Karn, 80 Va. 593; Dawson v. Pritchard, 5 W. Va. 18; Patton v. Nav. Co., 13 W. Va. 261; Marion Machine Works v. Craig, 18 W. Va. 559; Moses v. Old Dom. etc., Co., 82 Va. 19; McDowell v. Crawford, 11 Gratt. 387; Joslyn v. Bank, 86 Va. 289, 10 S. E. Rep. 166; Harman v. City of Lynchburg, 33 Gratt. 43.
A bill of exceptions should be so framed as to make the error apparent: otherwise the exception will generally be unavailing. Harman v. City of Lynchburg, 33 Gratt. 37, and note; N. & W. R. Co. v. Shott, 92 Va. 34, 22 S. E. Rep. 811.
If the case agreed be too imperfectly stated to sustain a judgment, it will be set aside and new proceedings ordered. Brewer v. Opie, 1 Call [212] 184.
Bill Frivolous. — A bill of exceptions obviously frivolous will not prevent the court from taking up the case as a delay case. Fox v. Govan, 4 H. & M. 156.
Reference to Another Bill. — One bill of exceptions cannot be used to supply an omission of fact in another unless such bill be referred to in the other. Brooke v. Young, 3 Rand. 106; Hall v. Hall, 12 W. Va. 2; Spencer v. Pilcher, 8 Leigh 565; Corder v. Talbott, 14 W. Va. 286; Perkins v. Hawkins, 9 Gratt. 649; Crawford v. Jarrett, 2 Leigh 639; Dishazer v. Maitland, 12 Leigh 544 [529]; Gunn v. Ohio River R. Co., 37 W. Va. 421, 16 S. E. Rep. 628; Richardson v. Donehoo, 16 W. Va. 687; Craig v. Sebrell, 9 Gratt. 131.
Although it is generally true that the evidence set out in one bill of exceptions, taken in the progress of a trial, cannot be looked to in considering another, yet where a bill of exception is taken after all the evidence has been submitted to the jury, and the bill of exception purports to set out all the evidence, it seems that evidence set out in this bill of exception may be looked to in considering the question raised in another bill taken in the progress of the trial. And this, though the evidence had not been introduced when the first bill of exception was taken. Perkins v. Hawkins, 9 Gratt. 650; Corder v. Talbott, 14 W. Va. 286; Hall v. Hall, 12 W. Va. 2; Moore v. City of Richmond, 85 Va. 538, 8 S. E. Rep. 387; Acts of Assembly 1901, p. 286; Klinkler v. Wheeling, etc., Co., 43 W. Va. 219, 27 S. E. Rep. 237.
Acts of'1901, p. 286, provide that “Any evidence in the record may be considered by the appellate courts if certified in any bill of exceptions, as though certified in each.
Motion for New Trial. — A foundation must be laid for a bill of exceptions by a motion for a new trial and the refusal to grant such motion should be excepted to. Newberry v. Williams, 89 Va. 298, 15 S. E. Rep. 865; Guerrant v. Tinder, Gilmer 41; Austin v. Jones, Gilmer 341; Danks v. Rodeheaver, 26 W. Va. 274; Core v. Marple, 24 W. Va. 354; State v. Phares, 24 W. Va. 657-8; Sammons v. Hawvers, 25 W. Va. 678; State v. Rollins, 31 W. Va. 363, 6 S. E. Rep. 923; Brown v. Brown, 29 W. Va. 777, 2 S. E. Rep. 808; Arthur v. Ingels, 34 W. Va. 639, 12 S. E. Rep. 872; Magarity v. Shipman, 82 Va. 806, 7 S. E. Rep. 381.
Pollard’s Supp. 1900, § 3385a provides that, "The failure to make a motion for a new trial in any. case in which an appeal, writ of error, or supersedeas lies to a higher court shall not be deemed a waiver of any objection made during the trial if such objection be properly made a part of the record.”
V. SIGNATURE.
A. Courts.
County Court. — Before 1819 the county court was not obliged to sign a bill of exceptions in a criminal cause. Although a county court signs bills of exceptions in a criminal cause, the bills of exception are not thereby a partof the record. Case v. Com., 1 Va. Cas. 263; Com. v. Hickerson, 2 Va. Cas. 60. See First Revised Code 1819, ch. 133; W. Va. Code 1899, ch. 39, § 48.
District Court. — The district court may make a rule upon the justices of the county court to show causé why a writ of mandamus should not issue, commanding them to sign and seal a bill of exceptions. Porter v. Harris, 4 Call 485; Code 1887, § 4050.
Commissioners. — Any candidate voted for at said election has the right, by himself or attorney, to be present at the count of the votes, and request the commissioners to give him bills of exceptions to their rulings against him; and he thus becomes a party to the proceedings, and has the right to have the rulings of such commissioners reviewed on cer- *609 tiorari. Alderson v. Commissioners. 31 W. Va. 633, 8 S. E. Rep. 274.
A provision is made in W. Va. Code 1899, ch. 110, § 4 allowing certificate of evidence and exceptions in cases under § 3 of that chapter. Board of Education v. Hopkins, 19 W. Va. 84: Alderson v. Commissioners, 33 W. Va. 454, 9 S. E. Rep. 863; Natural Gas, Co. v. Healy, 38 W. Va. 102, 10 S. E. Rep. 56; Bee v. Beaman, 36 W. Va. 381, 15 S. E. Rep. 173; Womer v. Ravenswood, 37 W. Va. 287, 16 S. E. Rep. 488; Arnold v. Lewis Co. Ct., 38 W. Va. 142, 18 S. E. Rep. 476; Grafton v. Davisson, 45 W. Va. 13, 39 S. E. Rep. 1028.
B. Judges. — A hill of exceptions without the signature of the judge is fatally defective; for without his signature it does not become a part of the record. Com. v. Hall, 8 W. Va. 259; Henry v. Davis, 13 W. Va. 230; Shanks v. Fenwick, 2 Munf. 478; Adkins v. Ins. Co., 45 W. Va. 384, 33 S. E. Rep. 194.
Exceptions to he of any avail, must not only he drawn up so as to distinctly present the ruling objected to, but must he signed by the judge. The mere unauthorized entry by the clerk on the minutes or order book that the prisoner excepted is not: sufficient. “Clark v. Com., 90 Va. 360, 18 S. E. Rep. 440; Roanoke, etc., Co. v. Karn, 80 Va. 589; Trumbo v. Street-Car Co., 89 Va. 780, 17 S. E. Rep. 124; Fry v. Leslie, 87 Va. 269, 12 S. E. Rep. 671; Whalen v. Com., 90 Va. 544, 19 S. E. Rep. 183. See monographic note on “Issue Out of Chancery” appended to Lavell v. Gold, 25 Gratt. 473.
A bill of exceptions to the opinion of the court (two judges being present) is not sufficient unless signed by both judges. Gordon v. Browne, 3 H. & M. 219.
A paper purporting to be a bill of exceptions and copied into the record as such, is not to be regarded as part of the record unless made so by some order or memorandum of the trial court entered on the order book. Bank v. Showacre, 26 W. Va. 53; Winters v. Null, 31 W. Va. 450, 7 S. E. Rep. 443; Phelps v. Smith, 16 W. Va. 522; Adkins v. Ins. Co., 45 W. Va. 384, 32 S. E. Rep. 194.
When Sign. — In the absence of statute a court has no authority to sign bills of exceptions in a cause after the end of the term at which final judgment is rendered. Winston v. Giles, 27 Gratt. 530, and note; Va., etc.. Co. v. Rich Patch Iron Co., 98 Va. 700, 37 S. E. Rep. 280.
If an exception to the ruling of the court excluding a witness, is taken at the time, the bill of exceptions may be prepared, signed and settled after verdict and judgment; but this must be done before the end of the term at which final judgment is rendered. Martz v. Martz, 25 Gratt. 361. See Acts 1901, p. 186. See W. Va. Code 1899, ch. 131. § 9; Alderson v. Cunningham, 33 W. Va. 607, 11 S. E. Rep. 76.
In cases where it may be important to give time until the next term to prepare the bill of exceptions, the case should be kept open, and the judgment should not be entered until the next term. Winston v. Giles, 27 Gratt. 530: Welty v. Campbell, 37 W. Va. 797, 17 S. E. Rep. 312; Va., etc., Co. v. Rich Patch Iron Co., 98 Va. 700, 37 S. E. Rep. 280; Hudgins v. Simon, 94 Va. 659, 27 S. E. Rep. 606.
A bill of exceptions or certificate of facts upon trial, not made before the close of the term at which final judgment is rendered, nor within thirty days after its close, is no part of the record, and cannot be considered in the appellate court. State v. McGlumphy, 37 W. Va. 805, 17 S. E. Rep. 315.
A bill of exceptions cannot be properly or regularly added to the record of a case after that case has been ended by a final judgment rendered therein. Winston v. Giles, 27 Gratt. 534; Moses v. Cromwell, 78 Va. 673; Town of Suffolk v, Parker, 79 Va. 660; Bank v. Waddill, 31 Gratt. 477; Jones v. Com., 87 Va. 63, 12 S. E. Rep. 226; Wickes v. B. & O. R. Co., 14 W. Va. 166. See Acts of 1901, p, 186, amending § 3385 of Code of Va.
Virginia Statute. — Acts of 1901, p. 186, amending § 3385 provide that: “Any bill of exceptions may be tendered the judge and signed by him, either during the term at which the opinion of the court is amended, to which exception is taken, or in vacation, within thirty days after the end of such term, or at such other time as the parties, by consent entered of record, may agree upon.” See also, W. Va. Code 1899, ch. 131, § 9.
Where a judgment is rendered in a case, and the court allows thirty days under the statute to make up and obtain from the judge, in vacation, bills of exception, such bills of exception, when signed by the judge, must be certified to the clerk of the court, who must enter them upon the order book of such court before they become a part of the record in the case. Griffith v. Corrothers, 42 W. Va. 59, 24 S. E. Rep. 569.
Writ of Error. — A judge in vacation may not award a writ of error in a criminal case. Baker v. Com., 2 Va. Cas. 353.
C. Mandamus. — A writ of mandamus will lie to compel the judge to sign bills of exception in a case, if “the truth of the case be fairly stated therein.” Page v. Clopton, 30 Gratt. 415; Taliaferro v. Franklin, 1 Gratt. 332; Shanks & McRae v. Fenwick, 2 Munf. 478; Jackson v. Henderson, 3 Leigh 197; Vaughan v. Doe, ex dem. Green, 1 Leigh 287.
A judge will not be compelled by mandamus to sign a particular bill of exceptions, when he alleges in his answer to a rule that the bill does not truly state the facts. Cummings v. Armstrong, 34 W. Va. 1, 11 S. E. Rep. 742.
When a bill of exceptions is tendered which does not fairly state the truth of the case, it is the duty of the court, with the aid of counsel, to settle the bill, and when settled to sign it; and if the court refuses to do this, mandamus will lie to compel it to do so, Poteet v. Co. Commissioners, 30 W. Va. 58, 3 S. E. Rep. 97; Collins v. Christian, 92 Va. 731, 24 S. E. Rep. 472: Douglass v. Loomis, 5 W. Va. 542.
D. Certificate of Clerk. — A paper which is not a part of the record cannot be made so by the certificate of the clerk. Offtendinger v. Ford, 86 Va. 917, 12 S. E. Rep. 1; Roanoke, etc., Co. v. Karn, 80 Va. 589; Magarity v. Shipman, 82 Va. 806, 7 S. E. Rep. 381; White v. Toncray, 9 Leigh 352; Bowyer v. Chesnut, 4 Leigh 1; Cunningham v. Mitchell, 4 Rand. 189; Pegram v. Stortz, 31 W. Va. 220, 6 S. E. Rep. 485.
E. Agreement of Counsel. — A stipulation entered into between counsel for the commonwealth and the accused by virtue of which objections noted during the course of the trial might be taken advantage of in the appellate court as though presented in formal bills of exceptions is of no avail. The appellate court will not consent that the labor and responsibility shall be imposed upon them of searching through the record to discover the objection made in the trial court. Kibler v. Com., 94 Va. 804, 26 S. E. Rep. 858; Marion Machine Works v. Craig, 18 W. Va. 559.
Counsel cannot by agreement present issues in the appellate court which were not tried in the lower court. The appellate court must review the case and affirm or refuse it. as appears by the *610 record to Toe right. Marion Machine Works v. Craig, 18 W. Va. 567.
VI. WAIVER OF OBJECTION.
A defendant, who, after the plaintiff has given in his evidence in chief, and rested his case, then moves the court to instruct the jury to render a verdict for defendant, hut, the motion being overruled, goes on with his case, will ,be held to have waived his exception taken to such ruling of the court. Poling v. Ohio River R. Co., 38 W. Va. 645, 18 S. E. Rep. 782.
When the court rules that certain evidence is illegal and promises to hear a motion later to exclude it, if no exception is taken and no further attention called to the mattfer, the objection must he deemed waived. N. & W. R. Co. v. Anderson, 90 Va. 1, 17 S. E. Rep. 757.
One defendant, F', files an exception to the commissioner’s report which is relied on by R, another defendant; but at the hearing in the court below, this exception is waived. The exception having been waived, R cannot rely upon it in the appellate court. Robertson v. Trigg, 32 Gratt. 76.
When No Waiver. — Where the plaintiff objects to the reception of a plea and excepts, the exception is not waived by his subsequently taking issue in fact on the plea. Campbell v. Montgomery, 1 Rob. 392; W. Va. Code 1899, ch. 125, § 56.
When exception is taken to the' admission of evidence, it is not waived by a subsequent demurrer to all the evidence. Dishazer v. Mitland, 12 Leigh 524.
An objection to the competency of a party as a witness is written at the commencement of the deposition; the objection is not waived by cross-examination. Neilson v. Bowman, 29 Gratt. 732.
A failure to except to the competency of a witness until four questions have been propounded to him on his examination in chief is no waiver of the right to make such exception. Hord v. Colbert, 28 Gratt. 49; Warwick v. Warwick, 31 Gratt. 77.
VII. VERDICT CONTRARY TO EVIDENCE.
A. In General. — On exception for refusal to grant a new trial because the verdict is contrary to the evidence, the decision of the lower court should be affirmed unless it plainly appears that it is wrong. Blair v. Wilson, 28 Gratt. 175; Pryor’s Case, 27 Gratt. 1009; Steptoe v. Flood, 31 Gratt. 342; Patteson v. Ford, 2 Gratt. 18; Grayson’s Case, 6 Gratt. 712; Kate’s Case, 17 Gratt. 561; Oneale’s Case, 17 Gratt. 582; Kemp’s Case, 18 Gratt. 977; Blosser v. Harshbarger, 21 Gratt. 216; Miller v. Ins. Co., 12 W. Va. 117; Kuy-kendall v. Ruckman, 2 W. Va. 332; Ramsburg v. Erb, 16 W. Va. 777; Todd v. Gates, 20 W. Va. 464; Whitehurst v. Com., 79 Va. 556; Ball v. Cox, 29 W. Va. 407, 1 S. E. Rep. 673; Russell v. Com., 78 Va. 400; Mitchell v. Baratta, 17 Gratt. 452; O'Bannon v. Saunders, 24 Gratt. 142; Kimball v. Friend, 95 Va. 144, 27 S. E. Rep. 901; Jones v. Rixey, 79 Va. 656; Lawrence v. Com., 30 Gratt. 856; Coleman v. Com., 84 Va. 8, 3 S. E. Rep. 878; Gravely v. Com., 86 Va. 400, 10 S. E. Rep. 431; Bristow v. Com., 15 Gratt. 646; Roanoke v. Shull, 97 Va. 419, 34 S. E. Rep. 34; Smith v. Com., 21 Gratt. 813; Kemp’s Case, 18 Gratt. 977; Richmond, etc., R. Co. v. Snead, 19 Gratt. 355; Swisher v. Com., 26 Gratt. 974; Nicholas v. Com., 91 Va. 755, 21 S. E. Rep. 364; Priest v. Whitacre, 78 Va. 158.
If evidence is held admissible for two reasons the judgment will be affirmed if either of the reasons are sufficient. Kincanon v. Com., 6 Leigh 611.
Where, on a trial by jury, the evidence adduced does not appear on the record, allmustbe presumed | to have been legal and right. Ford v. Gardner, 1 H. & M. 72; Wise v. Postlewait, 3 W. Va. 452; Paul v. Paul, 2 H. & M. 533; Dawson v. Pritchard, 5 W. Va. 18; Carlton v. Mays, 8 W. Va. 245; Ball v. Cox, 29 W. Va. 407, 1 S. E. Rep. 673; Kuykendall v. Ruckman, 2 W. Va. 332.
B. Certificate of Facts. — On a motion for a new trial on the ground that the verdict is contrary to the evidence, the bill should state the facts and not the evidence. Harnsbarger v. Kinney, 13 Gratt. 511; Harnsbarger v. Kinney, 6 Gratt. 287; Gimmi v. Cullen, 20 Gratt. 439; McClung v. Ervin, 22 Gratt. 519; Jackson v. Henderson, 3 Leigh 197; Bennett v. Hardaway, 6 Munf. 125; Forkner v. Stuart, 6 Gratt. 197; Mays v. Callison, 6 Leigh 231; Green v. Ashby, 6 Leigh 135; Rohr v. Davis, 9 Leigh 30; Ewing v. Ewing, 2 Leigh 337; Brooks v. Calloway, 12 Leigh 480 [466]; Schwarzbach v. Pro Union, 25 W. Va. 668; Pryor v. Kuhn, 12 Gratt. 615; Dusenberry v. Alford, 5 W. Va. 115; Morgan v. Fleming, 24 W. Va. 186; Seibright v. State, 2 W. Va. 591; Wustland v. Potterfield, 9 W. Va. 438; Keys v. M'Fatridge, 6 Munf. 18; Fawcett v. Ry. Co., 24 W. Va. 755; Farish v. Reigle, 11 Gratt. 706; Vaughan v. Green, 1 Leigh 295; Carrington v. Bennett, 1 Leigh 340; Willard v. Overseers, 9 Gratt. 139; Deems v. Quarrier, 3 Rand. 475.
Certify All the Facts. — On refusal to set aside the verdict as contrary to the evidence, if the facts are certified the bill of exceptions should show that they are all the facts; if the evidence is certified it should appear that all the evidence is certified. Otherwise the action of the lower court must be presumed to be right. Hunter v. Stewart, 23 W. Va. 549; McArter v. Grigsby, 84 Va. 159, 4 S. E. Rep. 369; Adams v. Hays, 86 Va. 153, 9 S. E. Rep. 1019; Smith v. Walker, 1 Call 24 [28]; Edgell v. Conaway, 24 W. Va. 747; Willard v. Overseers, 9 Gratt. 139.
C. Rule of Decision When Facts Certified. — Where the facts certified to the appellate court present but a naked question of law that court will not be influenced by the opinion of the jury or inferior court as to the law of the case, and will grant a new trial or not according to its own opinion of the law arising from the facts stated. Fisher v. Vanmeter, 9 Leigh 18; Slaughter v. Tutt, 12 Leigh 151 [147].
But in many cases the propriety of the verdict may rest on inferences properly drawn by the jury from the facts found arising out of incidents at the trial which may be omitted, or could not easily be committed to the court’s certificate. In such cases a new trial should not be granted “unless in a case of plain deviation, and not in a doubtful one, merely because the court, if of the jury, would have given a different verdict.” Judge Tucker in Slaughter v. Tutt, 12 Leigh 151 [147]; Carrington v. Bennett, 1 Leigh 340; Hilb v. Peyton, 22 Gratt. 569; Brugh v. Shanks, 5 Leigh 649 [598]; Harnsbarger v. Kinney, 6 Gratt. 287; Patteson v. Ford, 2 Gratt 23; Mitchell v. Baratta, 17 Gratt. 452; Steptoe v. Flood, 31 Gratt. 323; Mahon v. Johnston, 7 Leigh 317; Richmond, etc., R. Co. v. Snead, 19 Gratt. 354; Calbreath v. Va., etc., Co., 22 Gratt. 697; Collins v. Lofftus, 10 Leigh 5; Hill v. Com., 2 Gratt. 594; Blair v. Wilson, 28 Gratt. 165; Goode v. Love, 4 Leigh 635; Caldwell v. Craig, 21 Gratt. 136; Blosser v. Harshbarger, 21 Gratt. 214; Muse v. Stern, 82 Va. 39; Grayson’s Case, 6 Gratt. 712; Montague v. Allan, 78 Va. 598.
Though the bill of exceptions purports to certify the facts, if the facts are contradictory it will be evident that such bill really certifies the evidence and the court must proceed accordingly. Pruner v. Com., 82 Va. 115; Read v. Com., 22 Gratt. 924; Scott’s *611 Case, 77 Va. 344: Carrington v. Bennett, 1 Leigh 340; Ewing v. Ewing, 2 Leigh 337: McClung v. Ervin, 22 Gratt. 519.
If the hill of exceptions purports to certify the evidence hut it appears that the court meant to certify the whole as facts proved, the hill of exceptions is well taken. Mays v. Callison, 6 Leigh 230; Ewing v. Ewing, 2 Leigh 337; Rohr v. Davis, 9 Leigh 30; McClung v. Ervin, 22 Gratt. 519.
Refusal to Certify Facts. — The judge helow is not hound to certify the facts proved on the trial at law, on refusing to grant a new trial, where the case depends upon the credibility of the witnesses, or the evidence is conflicting. Taliaferro v. Franklin, 1 Gratt. 332; Brooks v. Calloway, 12 Leigh [466] 480; Vaughan v. Green, 1 Leigh [287] 316; Caldwell v. Craig, 21 Gratt. 136; Patteson v. Ford, 2 Gratt. 18.
Where the evidence is contradictory, the court may refuse to state either the evidence or the facts proved. It is enough to state that the evidence was contradictory. Grayson v. Com., 6 Gratt. 712; Renick v. Correll, 4 W. Va. 627.
The cases supra are overruled by the later decisions. When the evidence conflicts, the court may refuse to certify the facts proved: hut must certify the evidence on motion of any suitor. Powell v. Tarry, 77 Va. 250; Dillard & McCorkle v. Dunlop, 83 Va. 763, 3 S. E. Rep. 383; Vaiden v. Com., 12 Gratt. 727; Bull v. Com., 14 Gratt. 613; Caldwell v. Craig, 21 Gratt. 136; Blosser v. Harshbarger, 21 Gratt. 215; Page v. Clopton, 30 Gratt. 415.
Where Neither Facts Nor Evidence Certified. — On an exception to an opinion of the court overruling a motion for a new trial on the ground that the verdict is contrary to the evidence, if the exception states neither the facts proved nor the evidence introduced on the trial, nor refers to another hill of exceptions in which all the tacts or evidence given on the trial is shown to he stated, the appellate court cannot review the judgment of the court below. W. & N. O. Tel. Co. v. Hobson, 15 Gratt. 122; Valley Ins. Co. v. Teewalt, 79 Va. 421.
On refusal of new trial the motion for which was on the ground of new evidence discovered since the verdict, a hill of exceptions which does not state the facts proved or the evidence at the trial helow. is not well taken. Callaghan v. Kippers, 7 Leigh 608.
D. Certificate of Evidence. — The principle which requires that, on motion for new trial because of a verdict against the weight of the evidence, the facts and not the evidence, should be certified, is that a party shall not he permitted to so frame a bill of exception as to refer the credit of the witnesses to the appellate court.
Hence the rule would not apply when the evidence shows that there was no conflicting evidence and that excluding all the evidence against the verdict and admitting the truth of all evidence adduced in its support, the verdict still appears to he contrary to the evidence.
In such case the court would not decide on the credit of the witnesses; it would proceed on the admission of their credit. Ewing v. Ewing, 2 Leigh 337; Green v. Ashby, 6 Leigh 135; Goodman v. R. & D. R. Co., 81 Va. 582; McClung v. Ervin, 22 Gratt. 519; Slaughter v. Tutt, 12 Leigh 147; Pasley v. English, 5 Gratt. 148: Muse v. Stern, 82 Va. 37; Patteson v. Ford, 2 Gratt. 27; Bell v. Snyder, 10 Gratt. 353; Wick-ham v. Lewis. 13 Gratt 431; Pryor v. Kuhn, 12 Gratt. 618.
When No Conflict of Evidence. — In a hill of exceptions to the refusal of the court to grant a new trial, the evidence, and not the facts proved, is stated. If all the evidence was introduced by the exceptor. the appellate court willnot review the judgment; hut if all the evidence is introduced by the party who recovers the judgment, the appellate court will review the judgment, and, if taking it all as true, the verdict and judgment is erroneous, will reverse it. Gimmi v. Cullen, 20 Gratt. 439; Morgan v. Fleming, 24 W. Va. 186. The same reasoning applies here as in the case of Bennett v. Hardaway, 6 Mnnf. 125.
In a hill of exceptions to a refusal of a court to grant a new trial, all the evidence adduced for the plaintiff for whom the verdict was rendered, is set out, the party excepting having offered no evidence, and there being no conflict in the evidence, nor any doubt of the credit of the witnesses. Held, this hill of exceptions is well taken, though it does not purport to state the facts proved at the trial. Green v. Ashby, 6 Leigh 135; Goodman v. R. & D. R. Co., 81 Va. 583.
Need Not State the Evidence Verbatim. — On motion for a new trial on the ground that the verdict is contrary to the evidence, the evidence need not he stated verbatim hut it is sufficient to show the material facts proved and the evidence adduced from the judge’s notes, aided by those of counsel on both sides. Com. v. Jones, 1 Leigh 598.
Need Not Re-Examine the Witnesses. — When a motion is made for a new trial, in a capital case, on the ground that the verdict is not warranted by the evidence, the court is not hound to re-examine the witnesses and state the evidence verbatim, but may state the material facts proved and evidence adduced at the trial from the judge's own notes, aided by those of the counsel on both sides. Com. v. Jones, 1 Leigh 598.
E. Rule of Decision When Evidence Certified.
i. Virginia Rule.
a. Old Rule and Exception Thereto. — Where the evidence is certified the old rule was that the appellate court would not reverse the decision of the lower court unless, on rejecting all the parol evidence of the party excepting, and giving full faith to the evidence of the adverse party, the judgment should still appear to be wrong. Payne v. Grant, 81 Va. 164; Scott v. Shelor, 28 Gratt. 900; Noyes v. Humphreys, 11 Gratt. 651; Scott v. Com., 77 Va. 344; Muse v. Stern, 82 Va. 33; N. & W. R. Co. v. Ferguson, 79 Va. 244; Nicholas v. Kershner, 20 W. Va. 251; Old Dom., etc., Co. v. Burckhardt, 31 Gratt. 684; Nease v. Capehart, 15 W. Va. 304; Henry v. Davis, 7 W. Va. 715; Pasley v. English, 5 Gratt. 141; Dower v. Church, 31 W. Va. 63; Carrington v. Goddin, 13 Gratt. 587; Newlin v. Beard, 6 W. Va. 111; Brumbaugh v. Wissler, 25 Gratt. 463; Danville Bank v. Waddill, 31 Gratt. 469; State v. Zeigler, 40 W. Va. 593, 21 S. E. Rep. 763; Lamberts v. Cooper, 29 Gratt. 61; Coffman v. Hedrick, 32 W. Va. 131, 9 S. E. Rep. 69; Daingerfield v. Thompson, 33 Gratt. 136; Grayson v. Com., 6 Gratt. 712; Farley v. Tillar, 81 Va. 275; Taylor v. Com., 77 Va. 692; Roanoke Nat. Bank v. Hambrick, 82 Va. 135; Pruner v. Com., 82 Va. 116; Hartman v. Strickler, 82 Va. 225; State v. Baker, 33 W. Va. 319, 10 S. E. Rep. 639; Moffett v. Bowman, 6 Gratt. 219. And the same rule applies in criminal cases. Proctor v. Spratley, 78 Va. 264; Vaiden v. Com., 12 Gratt. 717: Bull v. Com., 14 Gratt. 613; Dean v. Com., 32 Gratt. 912; Moses v. Old Dom. Iron, etc., Co., 82 Va. 21; Wolverton v. Com., 75 Va. 909; Jones v. Rixey, 79 Va. 656; Morgan v. Fleming, 24 W. Va. 186, 195; Farish v. Reigle, 11 Gratt. 720; *612 Newlin v. Beard, 6 W. Va. 110; Black v. Thomas, 31 W. Va. 709; State v. Baker, 33 W. Va. 319, 10 S. E. Rep. 639; Finchim v. Com., 83 Va. 690, 3 S. E. Rep. 343; State v. Thompson, 21 W. Va. 741; State v. Flanagan, 26 W. Va. 119; Cluverius v. Com., 81 Va. 816-863; Hanriot v. Sherwood, 83 Va. 3; R. & D. R. Co. v. Morris, 31 Gratt. 208; Henry v. Dayis, 7 W. Va. 715; Chenowith v. Ritchie Co. Ct., 32 W. Va. 628, 9 S. E. Rep. 910; Sheff v. City of Huntington, 16 W. Va. 307; Webb v. Dye, 18 W. Va. 376; Varner v. Core, 20 W. Va. 472; Smith v. Townsend, 21 W. Va. 486; State v. Chambers, 22 W. Va. 779; Town of Suffolk v. Parker, 79 Va. 660.
Exception to Old Rule. — But when the whole case is submitted to the court, and the exception certifies the evidence, the rule of decision is said to be as on demurrer to evidence by the party excepting. This rule, is well established by the later decisions. Phelps v. Smith, 16 W. Va. 522; Board v. Parsons, 24 W. Va. 551; Goodman v. R. & D. R. Co., 81 Va. 583; Claflin v. Steenbock, 18 Gratt. 842; Mitchell v. Baratta, 17 Gratt. 445; Wickham v. Martin, 13 Gratt. 427; Backhouse v. Selden, 29 Gratt. 581; Old Dom. Steamship Co. v. Burckhardt, 31 Gratt. 666-67; Hodge v. Bank, 22 Gratt. 57; Dobson v. Culpepper, 23 Gratt. 352; Randolph v. Longdale Iron Co., 84 Va. 457, 5 S. E. Rep. 30; Hamilton v. McNeil, 13 Gratt. 389; Carrington v. Bennett, 1 Leigh 340; Ewing v. Ewing, 2 Leigh 337; Joslyn v. Bank, 86 Va. 287, 10 S. E. Rep. 166.
Waiver of Jury. — Where the parties by consent waive a jury and submit the whole matter of law and fact to the court, if either party be dissatisfied with the decision he must generally have the whole evidence certified and made a part of the record, either in a bill of exception or in some other manner recognized by law. Ramsburg, Koogle & Co. v. Erb, 16 W. Va. 783; Ramsburg, Miller & Co. v. Erb, 16 W. Va. 787; Smith v. Townsend, 21 W. Va. 493.
Bill of Exceptions Not a Demurrer to Evidence. — A bill of exceptions cannot in the absence of statute be considered as a demurrer to evidence. In the latter, the court may, if the case be clear, refuse to compel the other party to join, and may instruct the jury or leave the question with them. Wroe v. Washington, 1 Wash. [357] 461; Creekmur v. Creekmur, 75 Va. 430.
b. Statutory Change of Rule. — Va. Code 1887, § 3484, made the rule that in such case the appellate court should consider the decision “as on demurrer to the evidence by the party excepting. ” Tucker v. Sandidge, 85 Va. 546, 8 S. E. Rep. 650; Ice Co. v. King, 86 Va. 97, 9 S. E. Rep. 506; So. W. Imp. Co. v. Smith, 85 Va. 306, 7 S. E. Rep. 365; Sutton v. Com., 85 Va. 128, 7 S. E. Rep. 323; Mears & Lewis v. Dexter, 86 Va. 828, 11 S. E. Rep. 538; Stearns v. City of Richmond, 88 Va. 992, 14 S. E. Rep. 847; Tucker v. Com., 88 Va. 20, 13 S. E. Rep. 298; N. & W. R. Co. v. Groseclose, 88 Va. 267, 13 S. E. Rep. 454; Bell v. Com., 88 Va. 365, 13 S. E. Rep. 742; Lyles v. Com., 88 Va. 396, 13 S. E. Rep. 802; Ins. Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973; R. & D. R. Co. v. Burnett, 88 Va. 538, 14 S. E. Rep. 372; Gaines v. Com., 88 Va. 682, 14 S. E. Rep. 375; Adams v. Hays, 86 Va. 153, 9 S. E. Rep. 1019; Nat. Bank v. Nolting, 94 Va. 265, 26 S. E. Rep. 826.
c. Rule by Amended Statute. — But when there have been two trials in the lower court the rule of decision is for the appellate court to look first to the evidence and proceedings on the first trial, and if It discovers that the court erred in setting aside the verdict on that trial, it shall set aside and annul all proceedings subsequent to the said verdict and enter judgment thereon. Mears v. Dexter, 86 Va. 828, 11 S. E. Rep. 538; Stearns v. City of Richmond, 88 Va. 992, 14 S. E. Rep. 847; Pollard’s Supp.’ 1900, § 3484.
d. Demurrer to Evidence. — The rule of decision in case of demurrer to evidence is that demurrant admits the truth of his adversary’s evidence, and all just inferences which can be properly drawn therefrom by a jury, and waives all his own evidence, whether oral or documentary, which conflicts with that of his adversar S’, and all inferences from his own evidence (though not in conflict with his adversary’s) which do not necessarily result therefrom. Whittington v. Christian, 2 Rand. 357; Green v. Judith, 5 Rand. 1; Hansbrough v. Thom, 3 Leigh 147; R. Co. v. Miles, 76 Va. 773; R. & D. R. Co. v. Anderson, 31 Gratt. 819-820; Rudd v. R. & D. R. Co., 80 Va. 546; Creekmur v. Creekmur, 75 Va. 432; Johnson v. C. & O. Ry. Co., 91 Va. 171, 21 S. E. Rep. 238; Va. Imp. Co. v. Hoover, 82 Va. 449; Jones v. Old Dom. Cotton Mills, 82 Va. 140; Farley v. R. & D. R. Co., 81 Va. 783.
3. West Virginia Rule. — Under section 9, c. 131, Code, when exception is taken to the action or opinion of the court upon a question involving evidence upon motion for a new trial or otherwise, all the evidence, whether conflicting or not, must be certified, and this court must consider all such evidence on both sides, though conflicting, not rejecting any. Laidley v. Kanawha County Court, 44 W. Va. 566, 30 S. E. Rep. 109; Johnson v. Burns, 39 W. Va. 658, 20 S. E. Rep. 686; Deering v. Coberly, 44 W. Va. 606, 29 S. E. Rep. 512; Yeager v. City of Bluefield, 40 W. Va. 484, 21 S. E. Rep. 752; State v. Zeigler, 40 W. Va. 593, 21 S. E. Rep. 763; Poling v. Ohio River R. Co., 38 W. Va. 645, 18 S. E. Rep. 782.
a. West Virginia Demurrer to Evidence. — By demurring to evidence the demurrant Is now, under section 9 of chapter 131, not held to waive any part of his competent evidence; but where it conflicts .with that of the other party it will be regarded as overborne, unless it manifestly appears to be clearly and decidedly preponderant. He admits the credit of the evidence demurred to, and all inferences of fact that may be fairly deducible from the evidence, but only such facts as are fairly deducible; and refers it to the court to deduce such fair inferences. Mapel v. John, 42 W. Va. 30, 24 S. E. Rep. 609.
F, Number of New Trials Allowed. — There are no exceptions to the law that not more than two new trials shall be granted to the same party in the same case. But if, on the face of the record, it appears that a verdict is void, and that no judgment could at common law be properly entered upon it, as,- for instance, because it was too uncertain, ambiguous, or defective, the court may declare such a verdict void, and direct a new trial, without regard to the number of new trials which may have been granted to the same party in the same case. Williams v. Ewart, 29 W. Va. 659, 2 S. E. Rep. 881; Code W. Va. 1899, ch. 131, § 15; Code Va. 1887, § 3392; Jones v. Old Dom. Cotton Mills, 82 Va. 140; Smith v. Rawlings, 83 Va. 674, 3 S. E. Rep. 238; Bertha Zinc Co. v. Black, 88 Va. 303, 13 S. E. Rep. 452. See generally, Code Va. 1887, §§ 3385, 4050; Pollard’s Supp. 1900, § 3484; Code W. Va. ch. 131, § 9.